**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2638
_____

VIKTOR SLAPAK,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-647-600)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013
Before:  SMITH, GREENAWAY, JR., and WEIS, Circuit Judges
(Opinion filed: January 4, 2013)
_____

OPINION
_____

PER CURIAM.

    Viktor Slapak seeks review of the Board of Immigration Appeals' ("BIA" or

"Board") final order of removal.  In its order, the BIA affirmed the Immigration Judge's

1

("IJ") decision to deny his application for withholding of removal. We will deny the petition for review.

Slapak, a native and citizen of the Czech Republic, was admitted to the United States on a visitor's visa in March 2006, and overstayed. The Department of Homeland Security issued a Notice to Appear, charging Slapak with removability under INA § 237(a)(1)(B). Slapak conceded his removability and filed an application for asylum and withholding of removal based on his fear of being persecuted in the Czech Republic because of his perceived Roma ethnicity.[1]

Slapak testified that because of his dark skin and other physical characteristics, many in the Czech Republic believe that he is Roma. Although Slapak's mother is part Roma, Slapak does not identify as Roma himself. Slapak testified that he experienced harassment as a child because of his appearance and, around age fifteen, he was the target of ethnic epithets and a beating. Slapak believes that he will face persecution upon his return to the Czech Republic by neo-Nazi groups. An expert witness, Krista Marie Hegburg, testified about the marginalization and discrimination that Roma people experience in the Czech Republic. She also described a rise in violence against Roma in recent years and opined that the Czech government is unwilling to control it.

The IJ pretermitted Slapak's asylum application because, as Slapak had earlier conceded, his application was statutorily time-barred and there were no changed or

---

[1] Alternatively, Slapak requested voluntary departure, which the IJ granted.

2

extraordinary circumstances to excuse its untimely filing. See Administrative Record ("A.R.") at 39; INA § 208(a)(2)(B)&(D). The IJ then denied Slapak's application for withholding of removal. Although Slapak testified credibly, the IJ determined that Slapak was unable to establish that a pattern or practice of persecution exists against Roma in the Czech Republic that is systemic, pervasive, or organized.

Slapak appealed the IJ's decision to the BIA and, in an order dated May 17, 2012, the Board dismissed Slapak's administrative appeal. The Board agreed with the IJ that Slapak had not demonstrated his eligibility for withholding of removal. This petition for review followed.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). The BIA's factual determinations must be upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

In his petition for review, Slapak argues that his due process rights were violated when the IJ and BIA failed to fully consider the evidence that he submitted before denying his application for withholding of removal. Having reviewed the administrative record, we conclude that contrary to Slapak's assertion, the agency's review comported with principles of due process. We have held that the BIA "'is not required to write an

3

exegesis on every contention,' but only to show that it has reviewed the record and grasped the movant's claims." Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (citation omitted, quoting Mansour v. INS, 230 F.3d 902, 908 (7th Cir. 2000)). Although Slapak argues that the agency failed to consider the affidavit of Paul St. Clair, the Executive Director of the Roma Community Center in Toronto, and the U.S. State Department materials, these items were considered. Indeed, at the start of his decision, the IJ observed that Slapak had submitted State Department materials as well as expert reports. The IJ later noted that based upon those materials, he was unable to conclude that the Roma people experience systemic or pervasive persecution. The BIA agreed with those findings on appeal. Although Slapak may disagree with the agency's conclusions, his claim that his materials were not adequately considered is without merit.

Slapak also argues that the agency erred in determining that he failed to establish that a pattern or practice of persecution exists against Roma people in the Czech Republic. To establish a fear of future persecution, an applicant must demonstrate that he "'has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country.'" Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003) (quoting Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002)). This requires that a petitioner show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly situated individuals. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). "[T]o constitute a 'pattern or practice,' the persecution of the group must be 'systemic, pervasive, or organized.'" Id. at 537

4

(quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir.2004)). In addition, the acts of persecution must be committed by the government or forces the government is either unable or unwilling to control. Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006).

Slapak's claim is not that he would be singled out for persecution upon return to the Czech Republic, see A.R. at 239, but that there is a "pattern or practice" of discrimination against those of Roma ethnicity. In rejecting Slapak's pattern or practice claim, the BIA found that the documentary evidence did not establish systemic, pervasive, or organized persecution against Roma people living in the Czech Republic. Substantial evidence supports the BIA's finding.

Although Slapak's expert, Hegburg, testified about the recent rise in violent attacks against the Roma, the 2008 State Department Human Rights Report states only that "[l]atent societal discrimination against the country's Romani population occasionally manifested itself in violence." A.R. at 333. Overwhelmingly, the documentary evidence describes what amounts to institutional discrimination against the country's Roma population. However, discrimination does not necessarily constitute persecution. See Chen v. Ashcroft, 381 F.3d 221, 233 n.20 (3d Cir. 2004) (noting that courts routinely deny immigration relief to persons "who suffer racial discrimination that falls short of 'persecution'"). While incidents of violence may be on the rise as Hegburg suggests, based on the record presented, a reasonable adjudicator could conclude, based on the record presented, that Slapak failed to establish systemic or pervasive persecution

5

of Roma people in the Czech Republic. <u>Cf.</u> <u>Sioe Tjen Wong v. Att'y Gen.</u>, 539 F.3d 225, 234 (3d Cir. 2008) (holding that "the BIA properly reviewed the record and determined that violence was not sufficiently widespread and incidents of harassment and discrimination were not sufficiently severe to constitute a pattern or practice of persecution").

For these reasons, we will deny the petition for review.